UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMAR CANDIDO DE SOUSA (A No. 216 166 517), | No.  1:26-cv-1560 DJC CKD P |
| Petitioner, | |
| v. | |
| WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  He seeks either release or a hearing before an immigration judge resulting in release if it is not shown he is dangerous or a flight risk.  ECF No. 1 at 2.  Respondent has filed an opposition to the petition / motion to dismiss.  ECF No. 6.

I. Background

Petitioner appeared at the El Paso point of entry on or around March 11, 2019, without authorization to enter the United States.  ECF No. 1 at 1, 9. Petitioner was released into the United States on an "order of supervision" and ordered to appear for immigration proceedings in

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

San Francisco on March 21, 2019.  Id. at 9.

On December 17, 2025, petitioner appeared for a routine ICE check-in and was unexpectedly taken into custody premised upon an allegation that he had violated terms of release.  Id. at 2.  Petitioner made a request for custody redetermination pursuant to 8. C.F.R. § 1236.  ECF No. 1 at 7.  On January 12, 2026, an immigration judge found lack of jurisdiction to consider the request.  Id.  Petitioner is detained at the California City ICE Detention Facility.  ECF No. 1 at 2, 5.

On February 4, 2026, petitioner was ordered removed.  ECF 6-5.  The decision was not appealable to the Board of Immigration Appeals (ECF No. 6-5 at 2), and a review of the Ninth Circuit's electronic docket reveals petitioner has not appealed there.

II.  Petitioner's Claims and Analysis

A.  Lack of Hearing

Petitioner claims that his arrest without a contemporaneous determination by an immigration judge as to whether petitioner is dangerous or a flight risk violated petitioner's rights under federal law.  ECF No. 1 at 4.  However, any claim as to the legality of petitioner's arrest is now moot since petitioner is confined under 8 U.S.C. § 1231(a)(1)(A).  Baires v. Lynch, No. C 15-03635 RS (PR), 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016).  That statute mandates detention within the first ninety days of entry of a final order of removal.  Since appeal was not available to petitioner, and since petitioner did not appeal to the Ninth Circuit, the 90-day period commenced on February 4, 2026.  8 U.S.C. § 1231(a)(1)(B).  While petitioner does not challenge his detention under 1231(a)(1)(A), the court notes that the Ninth Circuit has determined this statutorily mandated 90-day period of detention "passes constitutional scrutiny."  Khotesouvan v. Morones, 386 F.3d 1298, 1299 (9th Cir. 2004).

B.  Conditions of Confinement

Petitioner complains about conditions at the California City ICE Detention Facility.  ECF No. 1 at 4.  The court agrees with the reasoning in Cervantes v. Becerra, 1:25-cv-2058 KES SAB HC, 2026 WL 603742, *2 (E.D. Cal., March 4, 2026) and the conclusion that habeas relief is not available based upon a challenge to conditions of confinement, and conditions of confinement

should be challenged in a civil rights action or possibly a claim under Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.

For all the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 6) be GRANTED;

2. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within **seven (7)** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 14, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
deso1560.imm.frs

3